UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CV91-3-V
(3:00CR140-4-V)

| | |
|---|---|
| DWAYNE ROBINSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>Respondent. )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's "Motion for Relief from Judgment or Order F.R.C.P. Rule 60(b)," filed February 15, 2006 (Document No. 26)  Petitioner argues that the Court "overlooked the thrust of [his previous] rule 59(e) motion" and argues that the Court should review his current motion and "re-open his 2255 Petition and order and evidentiary hearing on the merits of the claims made therein."  Petitioner states that in his previous motion he argued that Judge Mullen's June 3, 2003 Order holding that certain waiver language in plea agreements to be unconscionable renders the waiver language in his plea agreement invalid (See 3:03mc67).[1]

---

[1]  First, the Court is cognizant of Judge Mullen's Order in case 3:03mc67 and is also aware of Judge Mullen's September 22, 2003 Order in the same case, which Petitioner did not cite to,  in which Judge Mullen reconsidered his previous Order and held that plea agreements with waiver language would be accepted in his Court.  Second, Judge Mullen's Order would have no impact on this case as Petitioner signed his plea agreement in 2001 and Judge Mullen did not enter either of his Orders until 2003 and did not indicate that his Order should be retroactively applied to cases in which Defendants pled guilty prior to the date of his Order.  Finally, the Fourth Circuit has consistently upheld pleas where defendants have agreed to waive certain post-conviction rights.  See generally United States v. Wessells, 936 F.2d 165 (4th Cir. 1991); United States v. Wiggins, 905 F.2d 51. 53 (4th Cir. 1990).  Moreover, even though Judge Mullen was chief judge in this district at the time of his cited orders, his orders are not entitled to any particular weight in the case of the undersigned.  This Court has not been presented with the

1

## 1. FACTUAL AND PROCEDURAL BACKGROUND

This Court relies on the facts as stated in its prior Order denying Petitioner's Motion to Vacate (Document No. 22.) In his Motion to Vacate, Petitioner claimed (1)he was subjected to ineffective assistance of counsel; (2) the government committed Brady violations in connection with its failure to provide him with certain video tape evidence which he believes was in existence; and (3) that his presentence report contained certain erroneous information which the Court relied upon in calculating his sentence. The Court denied Petitioner's Motion to Vacate on December 14, 2005 (Document No. 22.) On Janaury 3, 2006 Petitioner filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Document No. 24) which this Court denied as a successive petition (Document No. 25.) Petitioner filed the instant motion on February 15, 2006 claiming that the waiver language in his plea agreement is invalid and as such this Court should reopen his Motion to Vacate and order an evidentiary hearing.

## ANALYSIS

Petitioner again seeks to have this Court reconsider the claims he raised in his Motion to Vacate because he is now claiming that the waiver language in his plea agreement is invalid. This is a new claim not raised on appeal or raised in Petitioner's Motion to Vacate. Therefore, the Court construes this new claim as a successive petition and again will deny Petitioner's motion.

The Antiterrorism and Effective Death Penalty Act requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in

---

issues addressed by Judge Mullen in those orders, and has not adopted them.

the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claims in his current motion because he failed to first certify his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's "Motion for Relief from Judgment or Order F.R.C.P. Rule 60(b)" is <u>Denied</u>.

**SO ORDERED**.

Signed: March 1, 2006

Richard L. Voorhees
Chief United States District Judge