UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:03CV91-3-V
(3:00CR140-4-V)

| | |
|---|---|
| DWAYNE ROBINSON,           )<br>                               )<br>     Petitioner,              )<br>                               )<br>          v.                  )<br>                               )<br> UNITED STATES OF AMERICA,     )<br>     Respondent.              )<br>_____) | **O R D E R** |

**THIS MATTER** is before the Court on Petitioner's third Motion for Reconsideration filed June 1, 2006 (Document No. 28). Petitioner argues once again that the waiver language of the plea agreement he signed in 2001 is unconscionable and therefore his plea agreement in invalid.

### 1. FACTUAL AND PROCEDURAL BACKGROUND

This Court relies on the facts as stated in its prior Order denying Petitioner's Motion to Vacate (Document No. 22.) In his Motion to Vacate, Petitioner claimed (1) he was subjected to ineffective assistance of counsel; (2) the government committed Brady violations in connection with its failure to provide him with certain video tape evidence which he believes was in existence; and (3) that his presentence report contained certain erroneous information which the Court relied upon in calculating his sentence. The Court denied Petitioner's Motion to Vacate on December 14, 2005 (Document No. 22.) On January 3, 2006 Petitioner filed a Motion to Alter or Amend Judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure (Document No. 24) which this Court denied as a successive petition (Document No. 25.) On February 15, 2006 Petitioner filed a "Motion

for Relief from Judgment or Order F.R.C.P. Rule 60(b), (Document No. 26), in which he argued that the Court "overlooked the thrust of [his previous] rule 59(e) motion" and that the Court should review his motion and re-open his § 2255 Motion to vacate. On March 1, 2006, this Court denied Petitioner's motion on the basis that the claim he raised regarding the waiver language was a new claim not raised in his Motion to Vacate and as such constitutes an unauthorized second or successive petition. (Document No. 27.)

In this instant motion, Petitioner argues once again that the waiver language of the plea agreement he signed in 2001 is unconscionable and therefore his plea agreement in invalid.

For the reasons stated herein, Petitioner's Motion will be DENIED.

## ANALYSIS

Petitioner again seeks to have this Court reconsider the claims he raised in his Motion to Vacate because he is now claiming, as he did in his previous motion which was denied by this Court, that the waiver language in his plea agreement is invalid. As previously explained in this Court's March 1, 2006 Order, this is a new claim not raised on appeal or raised in Petitioner's Motion to Vacate. Therefore, the Court construes this new claim as a successive petition and again will deny Petitioner's motion.

The Antiterrorism and Effective Death Penalty Act requires that a "second or successive motion must be certified . . . by a panel of the appropriate court of appeals . . ." before it can be filed in the District Court. Id. "Before a second or successive application [for habeas corpus] is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Thus, this Court may not consider the merits of Petitioner's claims in his current motion because he failed to first certify

his motion with the Fourth Circuit Court of Appeals before filing it in the District Court.

**THEREFORE, IT IS HEREBY ORDERED** that Petitioner's Motion for Reconsideration (Document No. 28) is <u>Denied</u>.

**SO ORDERED**.

Signed: August 1, 2006

Richard L. Voorhees
United States District Judge